**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| BARBARA DARBY, | : | | |
| | : | | |
|     Plaintiff, | : | Civil Action No.: | 14-1032 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 3, 4 |
| | : | | |
| ROBERT A. MCDONALD, Secretary, | : | | |
| U.S. DEPARTMENT OF | : | | |
| VETERANS AFFAIRS,[1] | : | | |
| | : | | |
|     Defendant. | : | | |

**MEMORANDUM OPINION & ORDER**

**GRANTING DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT AND TO DISMISS**

**I. INTRODUCTION & FACTUAL BACKGROUND**

Barbara Darby was employed as a Support Program Assistant by the Department of Veterans Affairs ("VA") when a dispute arose over the proper GS rating for her position, and Ms. Darby filed an employment discrimination complaint with the Equal Employment Opportunity Commission.[2] Def's Mot. Vacate at 2, ECF No. 3. Ms. Darby alleged that the VA discriminated against her when it denied her a career ladder promotion to the GS-9 level and reclassified Ms. Darby's position from Program Support Assistant to Secretary. *Id.*; EEOC Appeal at 1, Ex. A, Mar. 15, 2013, ECF No. 3. The EEOC issued administrative findings that no discrimination had taken place. Def's Mot. Vacate at 2. Ms. Darby appealed and the EEOC

---

    [1] Pursuant to Federal of Civil Procedure 25(d), Secretary of the Department of Veterans Affairs Robert A. McDonald is automatically substituted for former Secretary of the Department of Veterans Affairs Eric Shinseki as the named Defendant in this action.

    [2] Ms. Darby does not provide copies of the initial EEOC Decision and Denial of Reconsideration along with her Complaint, but rather only lists the EEOC complaint number on her Complaint, so the Court relies on the copies furnished by the Department of Veterans Affairs for summarizing the events which led to the dispute.

upheld the initial finding of no discrimination. Def's Mot. Vacate at 2; EEOC Appeal at 4. The EEOC denied Ms. Darby's request for reconsideration and informed Ms. Darby of her right to file a civil action "in an appropriate United States District Court" within ninety days. EEOC Denial at 2, Ex. B, Sept. 5, 2013, ECF No. 3.

Ms. Darby filed suit in the Superior Court of the District of Columbia on December 9, 2013. Def's Mot. Vacate at 2; EEOC Appeal at 4. Her Complaint alleged "Requested Reconsideration Denied. Right to file civil action," and included the Equal Employment Opportunity complaint number above her address. Compl., Dec. 9, 2013, ECF No. 1. Ms. Darby filed an Amended Complaint on February 25, 2014, listing attached "e-mail communication[s.]" Am. Compl., Feb. 25, 2014, ECF No. 1. The Superior Court held a number of conferences and hearings, during which the VA was not present or represented, and entered default against the VA on April 4, 2014. *See* Superior Court Docket, Ex. D, ECF No. 3. An attorney from the VA contacted the Superior Court judge to explain that the VA was represented by the Department of Justice in the matter. *See* Def's Mot. Vacate at 3. The VA then filed a notice of removal to this Court on June 18, 2014. *See* Superior Court Docket.

## II. LEGAL STANDARD & ANALYSIS

This matter comes before the Court on the VA's motion to vacate the Superior Court's entry of default and to dismiss due to insufficiency of service of process, failure to state a claim, and lack of subject matter jurisdiction. Def's Mot. Vacate at 1. The VA argues that the Superior Court improperly entered default against it on the grounds that it was never properly served because Ms. Darby failed to serve the United States Attorney for the District of Columbia as required by the Superior Court Civil Rule 4(i), which mirrors Federal Rule of Civil Procedure 4(i). Def's Mot. Vacate at 11. Additionally, the VA argues that Ms. Darby's complaint does not

assert her factual allegations in a manner sufficient to meet the required pleadings standard to survive a Rule 12(b)(6) motion to dismiss.  Def's Mot. Vacate at 12.  Lastly, the VA asserts that this Court does not have subject matter jurisdiction under the doctrine of derivative jurisdiction.  Def's Mot. Vacate at 16.

For the reasons explained below, the Court grants the VA's motion to vacate the Superior Court's entry of default and to dismiss for insufficiency of process of service.[3]

### A.  Vacating Entry of Default

The Superior Court's entry of default in this case is treated as if it had been entered in a federal proceeding.  *See Butner v. Neustadter*, 324 F.2d 783, 785–86 (9th Cir. 1963).  This Court has previously held that "[t]o set aside the removed entry of default, the [district court] applies the same test used for defaults in federal courts."  *Potomac Elec. Power Co. v. China Const. Am. Inc.*, No. 09-111, 2009 WL 3163058, at *1 (D.D.C. Sept. 29, 2009) (citing *Butner,* 324 F.2d at 785–86).  Under the Federal Rules of Civil Procedure, a district court can at its discretion vacate an entry of default pursuant to Rule 55(c) for "good cause shown[;]" the standard is more lenient than the standard for vacating a default judgment under Rule 60(b).  *Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259 (D.D.C. 2011); *Potomac Elec. Power Co.*, 2009 WL 3163058, at *1 (citing *Jackson v. Beech,* 636 F.2d 831, 835 (D.C.Cir.1980)).  Generally, default is disfavored because courts have a "preference for resolving disputes on their merits."  *See Bennett v. United States,* 462 F. Supp. 2d 35, 38 (D.D.C.2006).

In deciding whether to set aside an entry of default, the court should consider "(1) whether the default was willful, (2) whether a set-aside would prejudice the plaintiff, and (3)

---

[3]  Because this Court dismisses the action for insufficiency of process of service, the Court does not address alternative grounds of dismissal raised by the VA.  Specifically, the Court does not address failure to state a claim and lack of subject matter jurisdiction.

whether the alleged defense is meritorious." *Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259 (D.D.C. 2011) (citing *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C.Cir.1980)).  In this case, the default was not willful, Ms. Darby would not be prejudiced, and the asserted defenses meet the meritorious standard.

It is undisputed that service of process, the procedural mechanism to provide a Defendant with notice of the claims against him, was not properly effected because Ms. Darby never served the United States Attorney for the District of Columbia.  *See* Fed. R. Civ. P. 4(i); Super. Ct. Civ. R. 4(i); Def's Mot. Vacate, at 3.  Insufficient service of process did not obligate the government to respond to the filing.  *See Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259 (D.D.C. 2011).  In fact, this Court has acknowledged that "[d]efault cannot be entered where there was insufficient service of process." *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009).

Addressing the first consideration, pursuant to Rule 4(i), which the applicable Superior Court Rule mirrors, "[s]ervice on the United States requires service on the Attorney General, the U.S. Attorney, and the agency whose action is at issue. . . . The United States is not "served" [and has no obligation to file any Answer or other pleading] until and unless all three entities are served[.]" *Koerner v. United States*, 246 F.R.D. 45, 48 (D.D.C. 2007).  The government submitted a declaration by Daniel F. Van Horn, the Chief of the Civil Division of the United States Attorney's Office for the District of Columbia.  Mr. Van Horn attests that as of June 23, 2014, the United States Attorney's Office had not been served.  *See* Van Horn Declaration at 3, Ex. C, June 23, 2014, ECF No. 3.  Ms. Darby has not rebutted the allegation of improper service and has not provided proof of proper service.  As to the second consideration, Ms. Darby would not be prejudiced because a "[p]laintiff is not prejudiced where [she] did not comply with the [applicable] Rules." *Void-El*, 811 F. Supp. 2d at 259.

Turning to the third consideration, "[i]n determining the existence of a meritorious defense, likelihood of success is not the measure." *Asia N. Am. Eastbound Rate Agreement v. BJI Indus., Inc.*, 900 F. Supp. 507, 511 (D.D.C. 1995).  Instead, "[a party's] allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven, would constitute a complete defense." *Id.* (internal citations omitted).  "[E]ven broad and conclusory allegations meet the meritorious defense criterion for setting aside the default." *Candido v. D.C.*, 242 F.R.D. 151, 157 (D.D.C. 2007) (citing *Asia N. Am. Eastbound Rate Agreement*, 900 F. Supp at 511).  The VA has submitted a motion to vacate and to dismiss that details four such defenses that meet the meritorious defense standard.  *See* Def's Mot. Vacate at 9–11.

For these reasons, this Court vacates the entry of default.  *See Bennett,* 462 F. Supp. 2d at 38 (holding that good cause existed to set aside default because federal defendant was not properly served in accordance with Rule 4(i)); *PEPCO v. China Constr. America Inc.,* 2009 WL 3163058 at *1 (D.D.C. 2009) (vacating Superior Court default in removed case).

### B.  Dismissing for Defective Service of Process

"Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987).  "A court ordinarily may not exercise personal jurisdiction over a party named as a defendant in the absence of service of process (or waiver of service by the defendant)." *Graves v. Republic Nat'l Distrib. Co.*, No. 13-1869, 2014 WL 2000586, at *1 (D.D.C. May 16, 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999)).  "Courts . . . have long held that a defendant's removal of an action to federal court does not waive the defendant's objection to the sufficiency of service of process." *Graves*, 2014

WL 2000586, at *2 (citing *Morris & Co. v. Skandinavia Ins. Co.,* 279 U.S. 405, 409 (1929); *Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d 152, 157 n. 4 (2d Cir.1996)).

Because "[f]ailure of service is a jurisdictional defect which is fatal[,]" *Koerner v. United States*, 246 F.R.D. 45, 47–48 (D.D.C. 2007), "courts routinely dismiss actions when service is improper." *Graves*, 2014 WL 2000586, at *1. The Superior Court Civil Rule 4(m) establishes a sixty day deadline after the filing of a complaint for a Plaintiff to serve a Defendant. Federal Rule of Civil Procedure 4(m) provides both the time limit for service in district courts, i.e. "within [one hundred twenty] days after the filing of the complaint," and the consequences of improper service. Fed. R. Civ. P. 4(m). Both the sixty and one hundred twenty day deadlines have since passed.

Pursuant to both Superior Court Civil Rule 4(i) and Federal Rule of Civil Procedure 4(i), "service on the United States requires service on the Attorney General, the U.S. Attorney, *and* the agency whose action is at issue. . . [and the] United States is not 'served' until and unless all three entities are served[.]" *Koerner*, 246 F.R.D. at 48. The VA contends that Ms. Darby has failed to effect proper service on the United States by not serving a copy of the summons and complaint on the United States Attorney for the District of Columbia. *See* Def's Mot. Vacate, at 3. As previously discussed, the VA has submitted a declaration by Daniel F. Van Horn, the Chief of the Civil Division of the United States Attorney's Office for the District of Columbia attesting that the United States Attorney's Office has not been served. *See* Van Horn Declaration at 3.

"The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other

6

applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir.1987) (internal quotation omitted).  Ms. Darby has not rebutted the allegation of improper service and has not provided proof of proper service.  "Although [p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings, this consideration does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure[.]"  *Ning Ye v. Holder*, 644 F. Supp. 2d 112, 115 (D.D.C. 2009) (internal citations and quotations omitted).

Pursuant to Rule 4(m), the Court can at its discretion dismiss Ms. Darby's claims because she neither effected service within 120 days after filing her complaint nor showed good cause for this failure.  Fed. R. Civ. P. 4(m).  Alternatively, the Court can at its discretion "direct that service be effected within a specified time."  *Id.*  "Cases invoking [the] rule for non-incarcerated *pro se* plaintiffs [that dismissal is not appropriate when there exists a reasonable prospect that service can be obtained] . . . have involved good faith efforts to comply with complex service rules."  *Bloem v. Unknown Department of the Interior Employees,* 2014 WL 946185, at *5 (D.D.C. 2014).

Ms. Darby was put on notice that service was defective when the government filed its motion to vacate entry of default and to dismiss.  The docket does not indicate that Ms. Darby has attempted to correct the deficiency in service in the five months since the VA filed its motion including its deficiency in service claims.  Additionally, the Court issued a *Fox/Neal* order on October 1, 2014, warning Ms. Darby that failure to respond to arguments raised by the government would result in these arguments being conceded.  *Fox/Neal* Order, Oct. 10, 2014, ECF No. 8.  Ms. Darby responded with a memorandum that does not address the defect in

service or attempt to establish good cause to extend the time to serve the United States properly. Def's Mem., Oct. 20, 2014, ECF No. 9.

In this case, the Court declines to allow Ms. Darby additional time to effect service and dismisses the case without prejudice because Ms. Darby failed to serve the VA properly and has not shown any additional efforts to comply with the applicable rules in the five months since being notified of the deficient service. *See Mann v. Castiel,* 681 F.3d 368, 376 (D.C. Cir. 2012) (upholding dismissal where pro se "plaintiffs had not been diligent in correcting the service deficiencies; although alerted to their non-compliance with [the applicable rule] and the potential for dismissal of the case nearly five months earlier, plaintiffs had taken no action to remedy their non-compliance").

### III.  CONCLUSION

For the reasons stated above, Defendant's Motions to Vacate Entry of Default and To Dismiss (ECF Nos. 3, 4) are **GRANTED**.

It is hereby:

**ORDERED** that the Superior Court of the District of Columbia's Entry of Default dated April 4, 2014, be **VACATED**; and it is

**FURTHER ORDERED** that this case be **DISMISSED** without prejudice.[4]

**SO ORDERED**.

Dated:  November 19, 2014    RUDOLPH CONTRERAS
                                                        United States District Judge

---

[4] To the extent plaintiff attempts to refile this action, she must: file in the federal district court (as required by Title VII); promptly serve the summons and complaint pursuant to Fed. R. Civ. P. 4(i) on the VA, the Attorney General, and the United States Attorney for the District of Columbia; and explain why the filing of this action should be considered to have tolled the running of any expired statutes of limitations or otherwise applicable time limits.