# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BARBARA DARBY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-1032 (RC) |
| | : | | |
| v. | : | Re Document No.: | 16 |
| | : | | |
| DAVID J. SHULKIN,[1] Secretary, | : | | |
| United States Department of Veterans Affairs, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION & ORDER

### DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT

Plaintiff, Ms. Barbara Darby, filed a *pro se* complaint that this Court dismissed for insufficient service of process. Several years later, Ms. Darby moved for reconsideration, which this Court construes as a motion pursuant to Federal Rule of Civil Procedure 60. The Court denies the motion because Ms. Darby does not substantively explain why the Court should reconsider its prior opinion, the motion was not filed within a reasonable time, and no extraordinary circumstances exist.

## I. BACKGROUND

Ms. Darby sued the Department of Veterans Affairs (VA) in 2014, alleging that it discriminated against her by denying her a promotion to GS-9 and reclassifying her position as a

---

[1] Secretary Shulkin is substituted as the defendant in accordance with Federal Rule of Civil Procedure 25(d).

"Secretary."² Mem. Op. & Order at 1 (Nov. 19, 2014), ECF No. 10. After a tangled procedural history, her case arrived before this Court and the Court granted the VA's motion to dismiss due to insufficient service of process in November of 2014. *See generally* Mem. Op. & Order.

More than two years after that determination, Ms. Darby filed an appeal. *See* Notice of Appeal (Dec. 13, 2016), ECF No. 11. This appeal was untimely on its face because it was filed after the permissible time set by the Federal Rules of Appellate Procedure.³ Ms. Darby now requests that this Court "reconsider[]" its November 2014 order. Motion (Pl.'s Mot.) at 1⁴ (Feb. 14, 2017), ECF No. 16. The Court construes Ms. Darby's filing as a motion for relief from judgment in accordance with Federal Rule of Civil Procedure 60.⁵

Ms. Darby's motion alludes to several potential grounds for relief. First, she notes that she is *pro se*, and "was not aware of the time limitation" to file an appeal. Pl.'s Mot. at 1. Second, she mentions that she has "fallen on hardship." Pl.'s Mot. at 1. The Court interprets this as a reference to financial hardship because she attaches documents relating to eviction proceedings against her in December of 2014 and January of 2015. Pl.'s Mot. at 8–9. Third, she notes that she suffers from depression and post-traumatic stress disorder. Pl.'s Mot. at 1. Ms. Darby supports this assertion with a document from the Veterans Benefits Administration in

---

² The Court has previously described the facts of this case, *see generally* Mem. Op. & Order (Nov. 19, 2014), ECF No. 10, and recites only the most relevant facts here.

³ Federal Rule of Appellate Procedure 4(a)(1)(B) requires that a notice of appeal be filed within 60 days of the entry of judgment when one of the parties is a United States officer sued in his or her official capacity.

⁴ The Court cites to the ECF page numbers.

⁵ Ms. Darby may not seek relief under Federal Rule of Civil Procedure 59(e) because such motions must be strictly filed within 28 days of the entry of judgment. *See Ctr. for Nuclear Responsibility, Inc. v. U.S. Nuclear Regulatory Comm'n*, 781 F.2d 935, 941 (D.C. Cir. 1986).

June of 2016 which states that Ms. Darby receives benefits for being 70% disabled due to post-traumatic stress disorder and 10% disabled due to a back problem. Pl.'s Mot. at 3–7.

## II. DISCUSSION

Rule 60(b) permits courts to set aside final judgments for any of six enumerated reasons. *See Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 97 (D.D.C. 2015); Fed. R. Civ. P. 60(b). Three of these grounds—excusable neglect, newly discovered evidence, and fraud—are unavailable to Ms. Darby because they require that the motion for relief be brought within a year of the final order. *See* Fed. R. Civ. P. 60(c)(1). Of the three remaining grounds, the only one potentially applicable to this case is Rule 60(b)(6), which permits a district court to provide relief from a final order upon a motion "made within a reasonable time" for "any other reason that justifies relief." Fed. R. Civ. Pr. 60(c)(1). District courts enjoy "a large measure of discretion" in ruling on Rule 60(b) motions. *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987); *see also* 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2857, p. 319 (3d ed. 2012). The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to relief. *Jarvis v. Parker*, 13 F. Supp. 3d 74, 77 (D.D.C. 2014) (citing *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011)).

As a threshold matter, Ms. Darby's motion cannot succeed because it was not brought in a reasonable time. "In this Circuit, courts almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than three months after judgment." *Carvajal v. Drug Enf't Admin.*, 286 F.R.D. 23, 26 (D.D.C. 2012) (collecting cases); *see also Brannum v. Buriltanu*, No. 96-302, 1999 WL 680007, at *2 (D.D.C. July 28, 1999). The rare cases in which Rule 60(b)(6) motions were granted more than three months after judgment involved extreme and extenuating circumstances not present here. *Cf. Klapprott v. United States*, 335 U.S. 601 (1949) (upholding

3

relief under Rule 60 when the government sought to denaturalize the movant-inmate after incarcerating him for multiple years, during which several of his attempts to challenge their determinations went awry).

Here, more than two years passed after the judgment before Ms. Darby moved for relief. Ms. Darby does not allege that she is incarcerated, nor does she assert that she learned of the final judgment only recently. Indeed, while Ms. Darby's motion alludes in general to financial hardship and mental health issues, she nowhere explains why she has been unable to respond to the final judgment in any way for the past two years. The Court therefore concludes that her motion was not filed within a reasonable time. *See Carvajal*, 286 F.R.D. at 28 (denying a Rule 60 motion as untimely when a *pro se* inmate waited at least ten months after receiving notice of the final judgment).

In addition, Ms. Darby's motion cannot meet the high bar for relief under Rule 60(b)(6). The Supreme Court has "required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances.'" *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). "Extraordinary circumstances is a high bar," *United States v. Phillip Morris USA Inc.*, 840 F.3d 844, 852 (D.C. Cir. 2016) (internal quotation marks omitted), satisfied only when "the decision not to appeal [is essentially] an involuntary one," *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1141 (D.C. Cir. 1988), and courts should thus grant Rule 60(b)(6) relief "sparingly," *Oladokun v. Correctional Treatment Facility*, 309 F.R.D. 94, 101 (D.D.C. 2015) (citing *Walsh v. Hagee*, 10 F. Supp. 3d 15, 21 (D.D.C. 2013)).

None of Ms. Darby's three claimed reasons justifying relief constitutes an extraordinary circumstance. First, Ms. Darby relies on her *pro se* status. However, mere *pro se* status does not

justify reconsideration under Rule 60. *See Carvajal*, 286 F.R.D. at 27 ("That courts will often give *pro se* inmates more time to learn about case developments, however, does not mean that courts allow inmates significantly more time than other litigants to file *after* learning about the developments. Moreover, there is no general excuse for a *pro se* plaintiff's procedural missteps in a civil case." (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Bowie v. Maddox*, 677 F.Supp.2d 276, 282 (D.D.C. 2010))); *see also Goddard v. Serv. Employees Int'l Union Local 32BJ*, 310 F.R.D. 190, 192 (D.D.C. 2015) ("Courts in this district, furthermore, have not given great weight to *pro se* status when evaluating delays in bringing Rule 60(b) motions." (collecting cases)). Ms. Darby claims none of the confounding circumstances, such as lack of knowledge of the judgment or incarceration, which courts have found may add to *pro se* status and justify Rule 60 relief.

Second, Ms. Darby claims that she experienced financial hardship. However, Ms. Darby does not specifically explain the amount or type of hardship she experienced, or how that prevented her from taking any action in this case for more than two years. Ms. Darby submits two documents suggesting that she was facing eviction in December of 2014 and January of 2015, *see* Pl.'s Mot. at 8–9, but does not elaborate on her situation outside of those two months.[6] The D.C. Circuit has clearly established that "mere financial hardship [is] insufficient justification for vacating a final judgment under Rule 60(b)." *Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987).[7]

---

[6] Ms. Darby's motion to appeal *in forma pauperis* states that she currently receives only disability income and has credit card debt, but also does not explain her inability to file any motions in this case over the last two years. *See generally* Application to Proceed, ECF No. 12.

[7] The Court notes that the D.C. Circuit's affirmance in *Randall* of the district court's decision to grant Rule 60(b)(6) relief based on a combination of financial hardship and serious

5

Third, Ms. Darby claims that she was suffering from health issues, including a back injury and post-traumatic stress disorder. However, Ms. Darby does not explain how either of those conditions affected her ability to pursue relief in this case. The D.C. Circuit has previously addressed, in the equitable tolling context, when a mental health condition excuses a plaintiff's lack of action in a case. The standard applied by the D.C. circuit is a "high" hurdle requiring that the plaintiff was "*non compos mentis*," or "incapable of handling [his or] her own affairs or unable to function [in] society." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579–80 (D.C. Cir. 1998) (internal quotation marks and citations omitted). "Impaired judgment alone is not enough" to meet this standard, instead the plaintiff's mental impairment must be "of such a nature as to show [he or she] is unable to manage [his or her] business affairs or estate, or to comprehend [his or her] legal rights or liabilities."[8] *Id.* (citations omitted). "To make this determination, courts have often focused on whether the plaintiff was 'ever adjudged incompetent, signed a power of attorney, had a guardian or caretaker appointed, or otherwise took measures to let someone else handle [his or her] affairs.'" *Dahlman v. Am. Ass'n of Retired Persons*, 791 F. Supp. 2d 68, 77 (D.D.C. 2011) (quoting *Speiser v. U.S. Dep't of Health and Human Servs.*, 670 F. Supp. 380, 385 (1986)).

---

health problems, exacerbated by the litigation, does not control this Court's exercise of discretion.

[8] *See also Perry v. U.S. Dep't of State*, 669 F. Supp. 2d 60, 66–67 (D.D.C. 2009) (holding that a plaintiff suffering from post-traumatic stress disorder and other mental health concerns had not established that he was *non compos mentis* because he had written letters and taken the foreign service exam, and his doctor's affidavit did not address all relevant time periods); *see also id.* at 67 (noting that the plaintiff "has not produced evidence that he was ever adjudged incompetent, signed a power of attorney, had a guardian or caretaker appointed, or otherwise took measures to let someone else handle [his] affairs such as might be done for someone who is *non compos mentis*" (internal quotation marks omitted)); *Miller v. Rosenker*, 578 F. Supp. 2d 67, 72 (D.D.C. 2008) ("Suffering from a severe panic disorder and depression is not evidence of the type of total incapacity necessary to warrant equitable tolling." (internal quotation marks omitted)).

Because Ms. Darby would not meet this high bar, the Court finds that extraordinary circumstances justifying relief are absent. Ms. Darby's motion itself is general and conclusory and does not offer any explanation of how her health issues have impaired her ability to proceed with her claims or daily life. The documentation she attaches describes some difficulties caused by her conditions, including a general difficulty in attending classes, participating in large groups, and staying near loud noises. *See generally* Pl.'s Mot. However, these difficulties do not rise to the level of preventing her from managing her own affairs or functioning in society. No evidence in the record suggests that Ms. Darby has been appointed a guardian, found incompetent, or otherwise removed from the management of her own affairs.

In addition to these procedural issues, Ms. Darby's motion does not offer any substantive reason for the Court to reconsider its prior opinion. Ms. Darby's motion consists of three short paragraphs, and appears to entirely address the lengthy elapsed time between this Court's final judgment and the filing of the motion. The D.C. Circuit has stated that "a Rule 60(b) movant 'must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake.'" *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (quoting *Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 21 (1st Cir. 1992) and collecting cases). Ms. Darby's motion does not address the reasons this Court previously dismissed her case for lack of service of process at all, much less present a potentially meritorious defense, and thus fails to justify reconsideration.[9] The Court therefore declines to reconsider its final judgment.

---

[9] Furthermore, the judgment from which Ms. Darby seeks relief was not a default judgment. Indeed, Ms. Darby responded to the VA's motion to dismiss. *See generally* Mem. Op. & Order, ECF No. 10; Submission of Mem. (Oct. 20, 2014), ECF No. 9. The considerations which sometimes militate in favor of Rule 60 relief from default judgments in order that disputes

## III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion for Relief from Final Judgment (ECF No. 16) is **DENIED**.


Dated:  April 24, 2017                                                                 RUDOLPH CONTRERAS
                                                                                                          United States District Judge

---

may be resolved on the merits therefore do not apply with equal force here. *See Norris v. Salazar*, 277 F.R.D. 22, 27 (D.D.C. 2011) ("Resolution on the merits is preferable to a judgment by default and, therefore, courts should liberally allow relief under Rule 60(b), as a 'corrective remedy, mitigating the harsh impact of calendar rules when a litigant's action is dismissed as a result of counsel's neglect.'" (quoting *Butler v. Pearson*, 636 F.2d 526, 530 (D.C. Cir. 1980))).